IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61577-CIV-BLOOM

CEANIEL EDWARDS
As personal representative of the Estate
RALEIGH PRIESTER, Deceased,
CHRISTINA ANDERSON, an individual and daughter of
RALEIGH PRIESTER, RALEIGH PRIESTER, JR., an individual and
Son of RALEIGH PRIESTER and JAMES PRIESTER, an individual and
Father of RALEIGH PRISTER,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
A Florida corporation, and;
SCOTT ISRAEL, in his official capacity
as Sheriff of Broward County, Florida, and;
JONH MARTIN M.D., and
STANLEY FRANKOWITZ D.O. individually
and as a doctors employed by
ARMOR CORRECTIONAL HEALTH SERVICES, INC.; and
THE BROWARD COUNTY BOARD OF COUNTY
COMMISSIONERS,

    Defendants.

_____/

**DEFENDANT, ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S, ANSWER AND AFFIRAMTIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., by and through its undersigned counsel, and hereby file this, its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and state as follows:

1

1. Each and every allegation contained in Plaintiff's First Amended Complaint which is not specifically admitted herein is denied and strict proof is demanded thereof.

2. Defendant admits the allegations contained in paragraphs 3, 10, 11, 41 and 42 of Plaintiff's First Amended Complaint.

3. Defendant denies the allegations contained in paragraphs 2, 4, 5, 6, 9, 14, 15, 16, 19, 21, 23, 25, 27, 28, 34, 35, 37, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55 (including subparts), 57, 58, 59, 60, 61, 62, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 90, 91, 92, 93, 95, 96 (including subparts), 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108,109, 110, 111, 112, 113 and 114 of the Plaintiff's First Amended Complaint and demand strict proof thereof.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 7, 8, 17, 18, 20, 22, 24, 26, 29, 30, 31, 32, 33 and 36 of the Plaintiff's First Amended Complaint; therefore these allegations are deemed denied and Defendant demands strict proof thereof.

5. As to paragraphs 12, 13, 38, 39, 40, 49 and Count VIII of the Plaintiff's First Amended Complaint, these paragraphs and Count are not addressed to this Defendant and this Defendant is without sufficient knowledge to admit or deny the allegations in these paragraphs therefore, these allegations are deemed denied and strict proof is demanded thereof.

**AFFIRMATIVE DEFENSES**

6. Further answering and as an affirmative defense, this Defendant alleges that Plaintiff's First Amended Complaint fails to state or set forth claims against this Defendant upon which relief can be granted.

7. Further answering and as an affirmative defense, this Defendant alleges that Plaintiff's First Amended Complaint fails to state or set forth a claim against this Defendant under 42 U.S.C. § 1983.

8. Further answering and as an affirmative defense, the claims and allegations set forth in Plaintiff's First Amended Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort. As such, this Defendant respectfully submits that this Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint.

9. Further answering and as an affirmative defense, this Defendant would show that Plaintiff was not deprived of any constitutionally protected life, liberty or property interests without due process of law, nor were Plaintiff's rights under any amendments to or provisions of the United States Constitution or federal laws violated by this Defendant.

10. Further answering and as an affirmative defense, any and all of Plaintiff's claims against this Defendant are barred in whole or in part by the doctrine of qualified immunity, official immunity, sovereign immunity and discretionary act immunity and federal law.

11. Further answering and as an affirmative defense, to the extent as may be shown by the evidence through discovery, this Defendant asserts that the matters in

question and Plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than this Defendant.

12. Further answering and as an affirmative defense, this Defendant asserts that Plaintiff's negligence was the cause of any alleged injuries that he alleges to have suffered.

13. Further answering and as an affirmative defense, this Defendant asserts that Plaintiff's claims are barred by his failure to exhaust administrative remedies prior to filing suit.

14. Further answering and as an affirmative defense, this Defendant would show that some or all of Plaintiff's claims against it are barred by the applicable statute of limitations.

15. Further answering and as an affirmative defense, this Defendant asserts that the Plaintiff has failed to comply with the requirements of Florida Statutes Section 766.106 and Florida Rule of Civil Procedure 1.650 regarding presuit screening of claims for medical malpractice and is barred from recovering in this action.

16. Further answering and as an affirmative defense, this Defendant asserts that the Plaintiff has failed to comply with the requirements of Florida Statutes Section 768.28 regarding presuit pleading requirements and is barred from recovering in this action.

17. Further answering and as an affirmative defense and alternatively, this Defendant asserts that all or a part of Plaintiff's damages herein were partially or totally caused by non-parties or persons over whom this Defendant had no dominion or control, and, therefore, this Defendant seeks entitlement to the defenses and privileges

set forth in Section 768.81(3), Florida Statutes with respect to apportionment of fault principles.  This Defendant is aware that the Plaintiff has chosen to file the First Amended Complaint and bring an action against other named defendants namely, THE BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.  If the Plaintiff meets the burden of proof against this Defendant and this Defendant, then this Defendant intends to avail itself of the then controlling law concerning apportionment of damages.  Specifically stated, this Defendant relies upon the allegations and the proof to be presented by the Plaintiff as to the other named Defendants in this action as the basis for this defense.

**DEMAND FOR TRIAL BY JURY**

Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., hereby demands a trial by jury on all issues triable as a right by jury.

Dated on: October 30, 2014           Respectfully submitted,

Kelley Kronenberg
Counsel for Defs/ARMOR & ISRAEL
8201 Peters, Road, Suite 4000
Fort Lauderdale, Florida 33324
Tel: 954-370-9970; Fax: 954-381-1988
Florida Bar No. 064092
E-Mail:  dlosey@kelleykronenberg.com

By: /s/ Daniel L. Losey
         Daniel L. Losey

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Greg Lauer, Esq.
greg@law-lc.com
Christina M. Currie, Esq.
cmc@law-lc.com
Lauer & Currie, P.A.
Counsel for Plaintiffs
644 S.E. 5th Ave.
Ft. Lauderdale, FL 33301
T:  954/533-4498
Fax:  954/533-4501

Tony J. Rodriguez, Esq.
trodriguez@broward.org
mlorenzo@broward.org
Assistant County Attorney
Governmental Center, Suite 423
115 S. Andrews Ave.
Ft. Lauderdale, FL 33301
T:  954/357-7600
Fax:  954/357-7641

/s/ Daniel L. Losey
Daniel L. Losey